Totten, J.,
delivered tbe opinion of tbe court.
The plaintiff and defendant not being able to agree upon tbe value of a right of way for tbe construction and use of defendant’s rail road over tbe plaintiff’s land; five commissioners were appointed by tbe circuit court, to assess the same, or to assess tbe plaintiff’s damages in that behalf. Tbe commissioners reported the plaintiff’s damages at twelve hundred dollars; tbe defendant excepted to, and “appealed” from tbe report to tbe circuit 'court, and thereon tbe court ordered a new valuation to be made by a jwry of twelve persons, appointed by the court, who, upon view of the premises, assessed and reported tbe damages at fifteen hundred dollars.
Tbe defendant excepted, also, to this report, and moved for a new trial to be bad before a jury in court; and the plaintiff moved for judgment on tbe report, which was refused, and a new trial granted. To tbe action of the court, ■ in refusing to render judgment on tbe report, tbe plaintiff excepted, and appealed in error to this court.
This proceeding is under tbe twenty-fourth section of defendant’s charter; act 1845, cb. 1.
In constructing this statute, we observe, that if tbe parties cannot agree upon tbe value of tbe right of way, tbe subject is placed under tbe control and jurisdiction of tbe circuit court. Tbe court shall appoint five commissioners, who, vpon view of the premises, may assess tbe damages, and report tbe same to the court. Either party may, however, except to, or appeal from this report, to tbe next term of the circuit court, giving reasonable notice thereof. Thereon, tbe “court shall *499 order a new valuation, to be made by a jury, wbo shall be charged therewith, in the same term, or as soon as practicable, and their verdict shall be final, and conclusive, between the parties, unless a new trial shall be granted.”
It is argued, that the jury provided for, may make the valuation, upon view of the premises, and that their verdict thereon, is in accordance with the intention of the statutes. There is certainly some reason for this construction, but we think it not the true one, and that in practice, it would prove to be highly inconvenient. The valuation is to be by a “jwry, whose verdict shall be final, unless a new trial be granted.” These expressions, used in the act, are inconsistent with the idea of an assessment made upon view of the premises; as in case of the commissioners before provided for.
The verdict of the jury, is to be made upon legal evidence and legal principles. If the court deem it erroneous for any_ cause, it may be set aside and a new trial granted. Such proceeding can only be had before the court, under its immediate inspection and control. Eor how is this court to know, upon a motion for a new trial, whether the verdict is warranted by the proof, when it is founded, in whole, or in part, upon a view of the premises ? How is a jury, not ’ before the court, to be instructed as to the legal principles that should govern them, in making up their verdict? And in case of error, committed by the jury, or court, how can the case be stated in a bill of exceptions, for review before this court? The rule by which the valuation should be made, and the practice under it, should be uniform and permanent. We have had occasion to consider the rule by which the valuation, of damages, *500 shall be governed, in another case, decided at the present term. It is the province and duty of the circuit judge, to enforce this rule upon the jury, and to see that it has its proper influence and control over their verdict. It seems to us, that this can only be done when their verdict is made, not upon view, but upon evidence, as in other cases. Such, we think, is the proper practice, under this statute.
The result is, that there was no error in the refusal of the court, to render judgment upon the verdict, it being founded erroneously, upon a view of the premises. The action of the court, in that respect, is affirmed, and the cause is remanded to be tried by a jury, upon evidence, before the court, as in other cases.
Judgment affirmed.